IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZECO EQUIPMENT, LLC,<br><br>                     Plaintiff, Counter-<br>                     Defendant<br><br>v.<br><br>GREENTOWN OIL COMPANY, PACIFIC<br>ENERGY & MINING COMPANY,<br><br>                     Defendant,<br>                     Counterclaimants and<br>                     Third Party Plaintiffs<br><br>v.<br><br><br>ENERGY DRILLING LLC, JOHN DOES I-X,<br><br>                     Third-Party Defendants | MEMORANDUM DECISION AND ORDER<br>GRANTING MOTION FOR LEAVE TO<br>AMEND PLEADINGS<br><br><br>Case No. 2:15-cv-464 DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

      Third-Party Defendant Energy Drilling LLC (Defendant) moves the court for leave to file

an Amended Answer to Third-Party Plaintiffs' Greentown Oil Company LLC's and Pacific

Energy & Mining Company's Complaint.  Under Federal Rule of Civil Procedure Rule 15[1] and

as set forth below, the circumstances in this case support Energy Drilling's motion to amend and

therefore the court grants the motion.

BACKGROUND

      In June 2015 Plaintiff Zeco Equipment filed suit against Pacific Energy and Mining

Company LLC and Greentown Oil Company alleging that they failed to pay for services

---

[1] Fed. R. Civ. P. 15(a)(2).

provided and damaged Zeco's gas buster.[2]  Following some discovery, Pacific and Greentown

(collectively Plaintiffs) filed a Third-Party Complaint against Energy Drilling on August 23,

2016 alleging apportionment of fault, breach of contract and warranty, and negligence.[3]

Defendant filed a suggestion of bankruptcy on September 22, 2016, which stayed proceedings in

this matter.[4]  On January 19, 2017, the U.S. Bankruptcy Court lifted the stay as to Pacific and

Greentown permitting them to pursue their claims against Defendant.

Energy Drilling filed is Answer to the Third-Party Complaint in February 2017.[5]  In the

Amended Scheduling Order filed thereafter, the parties were given March 30, 2017 as the last

day to amend pleadings.[6]  Energy Drilling brings the instant motion nearly six months later

seeking to amend its Answer with the affirmative defenses of res judicata and collateral estoppel.

Defendant claims its bankruptcy, lack of employees, resources and addition to this suit more than

a year after it started all contributed to its failure to assert certain affirmative defenses in its

Answer.

DISCUSSION

Energy Drilling seeks to amend its Answer with the affirmative defenses of res judicata

and collateral estoppel.  Rule 8 of the Federal Rules provides that a party in "responding to a

pleading must … affirmatively state any avoidance or affirmative defense, including: … estoppel

---

[2] Complaint ¶¶ 57-64.

[3] Docket no. 34.

[4] Docket no 37.

[5] Docket no. 38.

[6] Docket no. 40.  The subsequent amended schedule did not alter the deadline to amend pleadings.  *See* order
granting motion to extend scheduling order deadlines, docket no. 50.

[and] res judicata."[7]  Thus it is clear under the Rules that if Energy Drilling is not permitted to amend their Answer then it cannot raise these affirmative defenses.

Rule 15 of the Federal Rules states that a "party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."[8]  "The district court has 'wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation.'"[9]  Leave to amend may be refused if there is a "'showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"[10]

The "longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'"[11]  In determining whether a movant has unduly delayed in bringing a motion to amend, the Tenth Circuit "focuses primarily on the reasons for the delay."[12]  For example, courts may deny leave to amend when the movant "has no adequate explanation for the delay."[13]

Plaintiffs argue there was "undue delay on the part of Energy Drilling."[14]  Plaintiffs point to the history of this case, which includes Defendant being a part of this case since February 22,

---

[7] Fed. R. Civ. P. 8(c).

[8] Fed. R. Civ. P. 15(a)(2).

[9] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999)).

[10] *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

[11] *Minter v. Prime Equipment Co.* 451 f.3d 1196, 1205 (10th Cir. 2006) (quoting *Steir v. Girl Scouts*, 383 F.3d 7, 12 (1st Cir. 2004)).

[12] *Id.* at 1206.

[13] *Id*. (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

[14] Op. p. 7, docket no. 48.

2017, the close of fact discovery being August 30, 2017 and being on the "verge of trial."

Additionally, Plaintiffs take issue with Defendant's reasons for the delay arguing that Energy

Drilling's counsel "made no efforts over the past seven (7) months to investigate any of the

proceedings"[15] even though access was available through the Wyoming matter and the

bankruptcy proceedings.  Plaintiffs cite to *Frank v. U.S. West, Inc.* in support of their arguments

noting that where ""the party seeking amendment knows or should have known of the facts upon

which the proposed amendment is based but fails to include them in the original complaint, the

motion to amend is subject to denial.'"[16]

     Here, all parties recently agreed to an amended schedule extending discovery deadlines.

The new deadlines undermine some of Plaintiffs arguments.  Trial is set to begin in December

2018 over a year away and fact discovery is now set to close in January 2018.[17]  In focusing on

the reasons for the delay,[18]  the undersigned finds Energy Drilling has an adequate explanation

for the delay.  The bankruptcy created much of the delay and the court finds Defendant's

explanation that resources and employees were scarce following the bankruptcy credible.  Such

circumstances also likely inhibited counsel's ability to know about facts upon which the

amendment is based.  Based upon these unique circumstances the court will grant the motion to

amend.

---

[15] *Id.* p. 8.

[16] *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1366 (quoting *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)).

[17] Docket no. 49, docket no. 50.

[18] *See Minter*. 451 f.3d at 1206.

ORDER

IT IS HEREBY ORDERED that the Motion to Amend/Correct Answer is GRANTED.[19]

Energy Drilling is granted leave to file the proposed Amended Answer on or before September 29, 2017.

DATED this 21 September 2017.

Brooke C. Wells
United States Magistrate Judge

---

[19] Docket no. 47.