IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZECO EQUIPMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GREENTOWN OIL COMPANY, LLC, and<br>PACIFIC ENERGY & MINING COMPANY,<br><br>Defendants. | **MEMORANDUM DECISIONAND ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br>**AND**<br>**MOTION FOR ATTORNEYS' FEES**<br><br>Case No. 2:15-cv-00464-DN-BCW<br><br>District Judge David Nuffer |

Plaintiff Zeco Equipment, LLC ("Zeco") seeks to enforce a settlement agreement it entered with Defendants Greentown Oil Company, LLC and Pacific Energy & Mining Company (collectively, "G/P") by entry of judgment against G/P.[1] Zeco also seeks to recover the attorneys' fees it incurred in enforcing the settlement agreement.[2] G/P responded that terms of the settlement agreement do not permit it to be enforced by entry of judgment.[3]

Because the settlement agreement is an enforceable contract, and G/P breached the agreement, Zeco's Motion to Enforce Settlement Agreement[4] is GRANTED. Additionally, because Zeco prevailed in enforcing the settlement agreement, and its requested attorneys' fees are reasonable, Zeco's Motion for Attorneys' Fees[5] is GRANTED.

---

[1] Motion to Enforce Settlement Agreement, docket no. 63, filed July 3, 2018.

[2] Motion for Attorneys' Fees, docket no. 70, filed Aug. 1, 2018.

[3] Affidavit of Tariq Ahmad ("Ahmad Affidavit"), docket no. 65, filed July 26, 2018; Objection to Motion to Enforce Settlement Agreement ("Objection"), docket no. 66, filed July 26, 2018; Defendants Response to Plaintiff's Reply ("Response"), docket no. 71, filed Aug. 8, 2018.

[4] Docket no. 63, filed July 3, 2018.

[5] Docket no. 70, filed Aug. 1, 2018.

## BACKGROUND

Zeco performed services related to drilling activities at an oil and gas well owned or operated by G/P.[6] G/P allegedly failed to pay Zeco for its services and Zeco initiated suit against G/P in Utah state court, asserting claims for:

> (1) breach of contract/account stated; (2) misrepresentation; (3) lien foreclosure; (4) bailment/negligence; and (5) quantum meruit/unjust enrichment.[7]

The case was later removed on the basis of diversity jurisdiction.[8] And G/P asserted counterclaims against Zeco for:

> (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) breach of warranty; (4) fraudulent inducement; (5) abuse of lien right; and (6) negligence.[9]

The case then proceeded through discovery and prior to the dispositive motion deadline,[10] the parties entered a settlement agreement wherein G/P agreed to pay $100,000 to Zeco ("Settlement Payment"), and $10,000 would be paid to G/P by or on behalf of Zeco's insurance carrier ("Carrier Payment").[11] The payments were to be exchanged within fifteen days after the parties executed the agreement.[12] And the parties agreed to file a stipulated motion to dismiss all claims after the payments were made.[13]

---

[6] Complaint ¶¶ 8-9, 12, 66, 82-84, 89, 91, docket no. 21-3, filed Aug. 12, 2015.

[7] *Id.* ¶¶ 65-105.

[8] Notice of Removal, docket no. 2, filed June 29, 2015; Amended Notice of Removal, docket no. 21, filed Aug. 12, 2015.

[9] Answer, Counterclaim, third-Party Complaint, and Jury Demand, docket no. 5, filed July 2, 2015. G/P also asserted claims against Third-Party Defendant Energy Drilling, LLC. Third-Party Complaint, docket no. 34, filed Aug. 23, 2016. These third-party claims were later dismissed. Order of Dismissal With Prejudice, docket no. 59, filed Feb. 8, 2018.

[10] Order Granting Motion to Extend Discovery Deadlines ¶ 3.b., docket no. 61, filed Feb. 13, 2018.

[11] Settlement Agreement and Release of Claims ("Settlement Agreement") ¶ 3.a., docket no. 63-1, filed July 3, 2018.

[12] *Id.* ¶ 3.b.

[13] *Id.* ¶ 3.c.

The settlement agreement became effective on May 23, 2018,[14] making June 7, 2018, the date by which the payments were to be exchanged. Zeco's insurance carrier was ready, able, and willing to exchange the Carrier Payment on June 7, 2018, but G/P refused to provide the Settlement Payment to Zeco.[15] G/P assert they had the funds to pay the Settlement Payment, but due to unforeseen circumstances, the funds were instead utilized for a G/P pipeline.[16] G/P also assert they have since attempted to negotiate a payment plan with Zeco.[17]

Zeco now seeks to enforce the settlement agreement and requests judgment be entered against G/P in the amount of the Settlement Payment, $100,000.[18] Zeco also seeks an award of its attorneys' fees incurred in enforcing the settlement agreement.[19]

## DISCUSSION

### The settlement agreement is enforceable against G/P as a judgment

Zeco argues that summary enforcement of the settlement agreement is proper because the settlement agreement is a binding contract and G/P breached the agreement by refusing to provide the Settlement Payment on June 7, 2018.[20] Zeco also argues that it is entitled to prejudgment interest on the Settlement Payment amount, $100,000.[21]

G/P acknowledge they did not provide the Settlement Payment on June 7, 2018, as the settlement agreement required,[22] but assert they have since attempted to negotiate a payment

---

[14] *Id*. at 5-6.

[15] Motion to Enforce ¶ 4, at 3.

[16] Ahmad Affidavit ¶ 6.

[17] *Id*. ¶ 7; Objection at 2; Response at 1-2.

[18] Motion to Enforce Settlement Agreement at 3-4.

[19] Motion for Attorneys' Fees at 2.

[20] Motion to Enforce Settlement Agreement at 3-4.

[21] *Id.* at 4.

[22] Ahmad Affidavit ¶ 6.

3

plan with Zeco.[23] They also argue that enforcement of the settlement agreement by entry of judgment is not provided for in the terms of the agreement.[24] G/P's assertion has no bearing on whether the settlement agreement is enforceable, and their argument lacks merit.

The settlement agreement provides that it "shall be interpreted and enforced in and according to the laws of the State of Utah."[25] Therefore, Utah law is applied to determine whether the settlement agreement is enforceable against G/P as a judgment.

In Utah, "it is a basic rule that the law favors the settlement of disputes."[26] And "[i]t is quite well established that a settlement agreement may be summarily enforced by motion in the court of the original action."[27] "[B]asic contract principles affect the determination of when a settlement agreement should be enforced."[28] This is because "[a]n agreement of compromise and settlement constitutes an executory accord[, and] an executory accord constitutes a valid enforceable contract[.]"[29] Therefore, a settlement agreement may be summarily enforced where "a binding settlement bargain is conceded or shown, and the excuse for nonperformance is comparatively unsubstantial."[30] When summary enforcement is appropriate, "[t]he trial court has the power to enter a judgment enforcing a settlement agreement[.]"[31]

---

[23] *Id*. ¶ 7; Objection at 2; Response at 1-2.

[24] Ahmad Affidavit ¶ 6; Response at 2.

[25] Settlement Agreement ¶ 3.p.

[26] *Mascaro v. Davis*, 741 P.2d 938, 942 (Utah 1987).

[27] *Tracy-Collins Bank v. Travelstead*, 592 P.2d 605, 607 (Utah 1979).

[28] *Mascaro*, 741 P.2d at 942.

[29] *Id.* (internal quotations omitted).

[30] *Tracy-Collins Bank & Trust Co.*, 592 P.2d at 609.

[31] *Badger v. MacGillivray*, 374 P.3d 1053, 1054 (Utah Ct. App. 2016) (quoting *Goodmansen v. Liberty Vending Sys., Inc.*, 866 P.2d 581, 584 (Utah Ct. App. 1993)).

There is no dispute that the settlement agreement is a valid, binding contract. There is no dispute that Zeco's insurance carrier was ready, able, and willing to exchange the Carrier Payment on June 7, 2018. And there is no dispute that G/P refused to provide the Settlement Payment on June 7, 2018, in breach of its obligations under the settlement agreement. G/P's decision to utilize its funds on other matters,[32] and their attempts to renegotiate payment terms after breaching the settlement agreement,[33] do not excuse their breach or preclude enforcement of the settlement agreement. Therefore, summary enforcement of the settlement agreement is appropriate.[34] Zeco is entitled to judgment against G/P in the amount of the Settlement Payment, $100,000.[35]

Zeco is also entitled to prejudgment interest. "[A]n award of prejudgment interest simply serves to compensate a party for the depreciating value of the amount owed over time and, as a corollary, deters parties from intentionally withholding an amount that is liquidated and owing."[36] "[P]rejudgment interest may be recovered where the damage is complete, the amount of the loss is fixed as of a particular time, and the loss is measurable by facts and figures.'"[37]

The parties' settlement agreement establishes a liquidated amount due and owing to Zeco ($100,000)[38] as of a fixed date (June 7, 2018—fifteen days after the parties executed the agreement).[39] G/P breached the settlement agreement by failing to pay Zeco the Settlement

---

[32] Ahmad Affidavit ¶ 6.

[33] *Id*. ¶ 7; Objection at 2; Response at 1-2.

[34] *Tracy-Collins Bank & Trust Co.*, 592 P.2d at 608 ("Particularly . . . where the agreement establishe[s] specific deadlines for performance . . . summary enforcement of the settlement agreement pursuant to a motion [i]s proper.").

[35] *Badger*, 374 P.3d at 1054; *Goodmansen*, 866 P.2d at 584.

[36] *Trail Mountain Coal Co. v. Utah Div. of State Lands & Forestry*, 921 P.2d 1365, 1370 (Utah 1996).

[37] *Encon Utah, LLC v. Fluor Ames Kraemer, LLC*, 210 P.3d 263, 272 (internal quotations omitted).

[38] Settlement Agreement ¶ 3.a.

[39] *Id*. ¶ 3.b.

Payment on that date, thereby causing Zeco damages. Therefore, Zeco is entitled to prejudgment interest on $100,000 at a rate 10% per annum[40] from June 7, 2018.

**Zeco is entitled to the attorneys' fees it incurred in enforcing the settlement agreement**

Zeco seeks an award of the attorneys' fees it incurred in enforcing the parties' settlement agreement.[41] G/P argue that Zeco's request for attorneys' fees is contrary to G/P's attempts to renegotiate a payment plan.[42] G/P's argument lacks merit.

"In Utah, attorney fees are awardable only if authorized by statute or contract."[43] And "[i]f the legal right to attorney fees is established by contract, Utah law clearly requires the court to apply the contractual attorney fee provision and to do so strictly in accordance with the contract's terms."[44]

The parties' settlement agreement includes the following attorney fee provision:

> In the event it becomes necessary for any person to retain an attorney to enforce this AGREEMENT, the prevailing party in said effort shall be entitled to recover any and all costs, fees and expenses, including reasonable attorneys fees and expert fees, incurred in enforcing or seeking enforcement hereof, whether incurred through litigation or otherwise.[45]

G/P failed to provide the Settlement Payment to Zeco in breach of the parties' settlement agreement, which necessitated Zeco to seek enforcement of settlement agreement. And Zeco has prevailed in enforcing the agreement against G/P.[46] Zeco was under no obligation to renegotiate

---

[40] UTAH CODE ANN. § 15-1-1(2).

[41] Motion for Attorneys' Fees at 2.

[42] Response at 2.

[43] *R.T. Nielson Co. v. Cook*, 40 P.3d 1119, 1125 (Utah 2002) (internal quotations omitted).

[44] *Jones v. Riche*, 216 P.3d 357, 358 (Utah Ct. App. 2009).

[45] Settlement Agreement ¶ 3.j.

[46] *Supra* at 3-5.

6

the agreement's payment terms, and is entitled to an award of attorneys' fees under the plain language of the agreement's attorney fee provision.

Zeco requests $1,372.50 in attorneys' fees for enforcing the settlement agreement.[47] G/P do not argue that this amount is unreasonable. Considering the factors for the reasonableness of attorneys' fees under Utah law,[48] the requested amount of $1,372.50 is reasonable and was necessarily incurred in enforcing the settlement agreement.

## ORDER

IT IS HEREBY ORDERED that Zeco's Motion to Enforce Settlement Agreement[49] is GRANTED. Zeco is entitled to judgment against G/P in the amount of $100,000, plus prejudgment interest at a rate of 10% per annum from June 7, 2018.

IT IS FURTHER HEREBY ORDERED that Zeco's Motion for Attorneys' Fees[50] is GRANTED. Zeco is awarded $1,372.50 in attorneys' fees.

IT IS FURTHER HEREBY ORDERED that by no later than October 26, 2018, Zeco shall prepare and file a proposed judgment against G/P, which includes a calculated amount of prejudgment interest. Entry of judgment shall be deferred until October 26, 2018, to permit the parties the opportunity to agree to alternate payment plans and file dismissal documents.

Signed October 11, 2018.

BY THE COURT

David Nuffer
United States District Judge

---

[47] Affidavit of Attorneys' Fees and Costs at 3, docket no. 70-1, filed Aug. 1, 2018.

[48] *Dixie State Bank v. Bracken*, 764 P.2d 985, 990-91 (Utah 1988)

[49] Docket no. 63, filed July 3, 2018.

[50] Docket no. 70, filed Aug. 1, 2018.